UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Robert S. Bennett, Nachael Foster, Andrew Bayley and others similarly situated §§§ **Plaintiffs** §§§§ vs. §§§§ State Bar of Texas aka the "Texas Bar" § (and culpable officials within it) **Defendants** | CIVIL ACTION 4:21-cv-2829 <br><br> CLASS ACTION COMPLAINT |

## CLASS ACTION COMPLAINT

TO THE HONORABLE U.S. DISTRICT JUDGE:

**COME NOW**, Plaintiff Robert S. "Bob" Bennett and others ("Plaintiffs"), by and through their attorney Rich Robins, and bring this action on behalf of themselves and all others similarly situated against the State Bar of Texas aka the "Texas Bar" (and culpable officials within it) ("Defendants"). Plaintiffs hereby allege, on information and belief, except as to those allegations which pertain to the named Plaintiffs, which allegations are based on personal knowledge, as follows:

### I. NATURE OF THE ACTION

1. The Plaintiffs bring this class action on behalf of both themselves and fellow dues-paying members of the Defendant State Bar of Texas aka "Texas Bar" who are located here in Texas and throughout the United States of America as well as overseas.

1

2. Siding with amicus brief-submitting Texas Attorney General Ken Paxton, on July 2nd, 2021 the Fifth Circuit Court of Appeals ruled that the Defendants have impermissibly, unlawfully and enduringly spent attorney members' coercively extracted annual dues on ideological and political endeavors that are *not* germane to regulating or improving the practice of law here in Texas. *See McDonald v. Longley*, 4 F.4th 229 (5th Cir. 2021). The Court also found that the Defendants had similarly unlawfully not given dues-paying members constitutionally adequate and meaningful notice of how their coercively extracted dues money would be spent or where their fees would go. *Id*. Additionally, the Court found that the Defendants have not given members adequate veto authority over such expenditures. *Id*.

3. More recently, the Fifth Circuit issued its relevant mandate on July 26, 2021 (ECF No. 103). For decades, the Texas Bar has *already* had ample notice from the U.S. Supreme Court that members are not to be coerced into funding expenditures that are not germane to the permissible purposes of a mandatory bar. *See Keller v. State Bar of California*, 496 U.S. 1 (1990).

4. The Defendants are well aware of this but they have continued demanding full dues payments from the membership by no later than tomorrow, August 31st, 2021. As of the date of this filing, they have also offered *no* refunds for their already sufficiently proven and established transgressions. They continue proceeding callously, resulting in further damage to the Class.

5. The Plaintiffs bring this class action on behalf of themselves and all others similarly situated, asserting First Amendment-based claims detailed below while seeking damages and equitable relief on behalf of the Class. Such relief includes but is not limited to the following: providing class members with a refund of the full amount paid in membership dues to the Defendants during recent years, plus court costs, damages and expenses including attorney's fees; and any additional relief that this Court determines to

be necessary to provide complete relief to the Plaintiffs and the Class up to the jurisdictional limit or otherwise up to $60 million dollars.

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction over this case pursuant to, for example, 42 U.S.C. §1983 as Plaintiffs' claims involve encroachments upon their civil rights in violation of federal statutory authority.  Meanwhile the Court has supplemental jurisdiction over the Plaintiffs' (potentially growing list of) state law claims pursuant to 28 U.S.C. §1367(a).

7. This Court also has original jurisdiction over this action under the Class Action Fairness Act of 2005, 28 U.S.C. §1332(d)(2) ("CAFA"), as to the named Plaintiffs and every member of the proposed Class.  This is because the proposed Class contains far more than 100 members, the aggregate amount in controversy exceeds $5 million, and members of the Class reside across the United States and are therefore diverse from the Defendants.

8. Venue is proper in this District pursuant to 28 U.S.C. §1391(b), because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this District.  Venue is also proper in this District as most of the Plaintiffs live in it.

28 US Code § 1391(b).  Additionally, venue is proper in the Southern District of Texas' Houston division because it is a judicial district in which a substantial part of the events or omissions giving rise to the relevant claims occurred.   For example, the abovementioned district is where most of the Plaintiffs specifically listed in this filing reside and work, and where they keep receiving repeat demands for dues, year-after-year

from the Texas Bar.   It is also the region containing the city within Texas where the largest concentration of Texas Bar attorney dues-paying membership is, namely Houston.

9. Houston also happens to be where the Texas Bar's very substantial facility at 4801 Woodway Dr #315w, Houston, TX 77056 remains located.   It is particularly relevant because that facility contains an attorney discipline department which Plaintiffs' counsel Rich Robins suspects predatorily pursues unsubstantiated claims against scrutinizing attorney members based on vague interpretations of ethics rules which are applied in flagrant violation of U.S. Supreme Court caselaw that is otherwise meant to protect and fortify attorney free speech, due process and other Constitutional rights: *Gentile v. State Bar of Nevada*, 501 U.S. 1030 (1991).   The apparent goals of such still unpunished Bar prosecutorial misconduct in Houston is apparently to 1) make work for otherwise idle Bar employees; and 2) maintain a culture of intimidation that distracts (still compulsory) Bar members from thinking about the lavish salaries and taxpayer-financed benefits nevertheless paid for Texas Bar workers there, including specialists in videography and communications strategy for a supposedly transparent organization.  *See* 2016 Texas Bar salary data at http://www.TexasBarSunset.com/salaries .   Remarkably, the quantity of 6 figure salary recipients at the Texas Bar has already jumped by a third since 2016, from 29 to 39 barely five years later.   Plaintiffs' counsel Rich Robins nevertheless sincerely admits that the Texas Bar has some apparently very fine and seemingly well-meaning employees working in it, too, even though he has not yet personally discovered any presently working here in Houston.   Litigation is necessary here in Houston to further analyze the substantial improprieties plaguing the Texas Bar here, still with impunity.

## III. PARTIES

10.     Plaintiff Robert S. Bennett resides in Harris County, Texas, where he practices law and is an active member of the Texas Bar.  He has received multiple mailings from the Defendants during the summer months of 2021 which the Defendants sent to that Plaintiff's place of business in pursuit of still more annual dues payments.  Mr. Bennett disapproves of still having to make such expenditures, while not receiving refunds for his similar ones of previous years, in light of the Texas Bar's repeated and related encroachments upon his First Amendment rights.

11.    Plaintiff Nachael Foster resides in Tarrant County, Texas, where she practices law and is an active member of the Texas Bar.  She has received multiple mailings from the Defendants during the summer months of 2021 which the Defendants sent to that Plaintiff in pursuit of still more annual dues payments.  Ms. Foster disapproves of still having to make such expenditures, while not receiving refunds for her similar ones of previous years, in light of the Texas Bar's repeated and related encroachments upon her First Amendment rights.

12.    Plaintiff Andrew Bayley resides in Harris County, Texas, where he practices law and is an active member of the Texas Bar.  He has received multiple mailings from the Defendants during the summer months of 2021 which the Defendants sent to that Plaintiff's address in pursuit of still more annual dues payments.  Mr. Bayley disapproves of still having to make such expenditures, while not receiving refunds for his similar ones of previous years, in light of the Texas Bar's repeated and related encroachments upon his First Amendment rights.

13.    The Defendant State Bar of Texas aka the "Texas Bar" amounts to a *labor union* containing well over 105,000 actively licensed attorneys who are given no choice but to either keep individually paying the Defendants hundreds of dollars of compulsory dues each year *or* forfeit their rights to practice law here in Texas (or even regarding Texas, albeit from elsewhere).   The Texas Bar sometimes poses as a Texas state agency, but with*out* the accompanying public scrutiny and budgetary constraints.   It is *not* registered in the corporate information division of the Texas Secretary of State but its state headquarters are in Austin, Texas apparently at:

Texas Law Center
1414 Colorado Street
Austin, Texas 78701

As no registered agent is publicly listed (to the best of Plaintiffs' Attorney Robins' knowledge, anyway) the following three gentlemen seem worth mentioning as possible recipients of a lawsuit:

Executive Director Ervin A. "Trey" Apffel and / or
Legal Department staff directors Brad Johnson & John Sirman

Executive Director Apffel is a former longstanding resident of the Southern District, in fact, from just outside of Houston (League City, Texas).

14. Technically the Texas Bar is a committee of the Supreme Court of Texas. Texas' Supreme Court admirably respects the "self-rule" nature of the Texas Bar, so there does not appear to be particularly aggressive scrutiny of the Bar emerging from the high court, either.

15. Plaintiffs' counsel Rich Robins sincerely submits that this situation does *not* appear to him to be due to laziness or corruption on the high Court's part.   To the contrary, the relative lack of scrutiny compared to what state agencies seem to endure here in Texas appears to be due to the high Court's very admirable respect for attorneys' self-rule and also a dedication to focusing on the legal disputes that already keep our

6

dedicated high Court's members very busy.   In no way is this lawsuit meant to be insulting to the Supreme Court of Texas.   Attorney Robins' respect for that Court does not emanate from fear or even mere blind deference, but instead from sincere appreciation and admiration of their work ethic, dedication, intelligence and congeniality.   Attorney Robins can similarly approvingly say the same about some of the fine employees of the Texas Bar, ironically enough.

16. By the way, attorney self-rule could continue here in Texas to Plaintiffs' Attorney and Sunset Review activist Rich Robins' satisfaction.   The Virginia bar model appears to be worth replicating here, whereby the focus would be on the bar's providing merely attorney discipline, while a voluntary state bar exists separately for any trade association functions.   Virginia's state bar barely even offers continuing legal education (CLE), either, inspirationally enough.   Attorney Robins further explains why this arrangement would be preferable for Texas at his website **TexasBarSunset.com**'s proposed reforms section.

## IV.  DEFENDANT'S UNLAWFUL CONDUCT
## & THE PLAINTIFFS' ALLEGATIONS

17. The Plaintiffs incorporate the preceding paragraphs by reference as if fully rewritten herein.

18. Siding with amicus brief-submitting Attorney General Ken Paxton, on July 2nd, 2021 the Fifth Circuit Court of Appeals ruled that the Defendants have impermissibly, unlawfully and enduringly spent attorney members' coercively extracted annual dues on ideological and political endeavors that are *not* germane to regulating or improving the practice of law here in Texas.   *See McDonald v. Longley*, 4 F.4th 229 (5th Cir. 2021).   The Court also found that the Defendants had similarly unlawfully not given dues-paying members constitutionally adequate and meaningful notice of how their coercively extracted dues money would be spent or where their fees would go.   *Id*.   Meanwhile, the Court found that the

7

Defendants have not given members adequate veto authority over such expenditures. *Id*.

19. The Fifth Circuit Court of Appeals recently issued its relevant mandate on July 26, 2021 (ECF No. 103). For decades, the Texas Bar has *already* had ample notice from the U.S. Supreme Court that members are not to be coerced into funding expenditures that are not germane to the permissible purposes of a mandatory bar. *See Keller v. State Bar of California*, 496 U.S. 1 (1990).

### V. CLASS ALLEGATIONS

20. Plaintiffs bring this class action on behalf of themselves individually and all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

21. The **PROPOSED CLASS** consists of all Texas-licensed attorneys, past or present, and on either active or inactive status, who have endured First Amendment violations because of the Texas Bar's relevant unlawful conduct.

22. The class has proposed sub-classes, too:

**Sub-class #1** includes Texas Bar members who do not agree with the Texas Bar's current or previous unlawful practice of engaging in political and / or ideological activities that were or are non-germane to regulating the legal profession and / or improving the quality of legal services.

**Sub-class #2** consists of Texas-licensed attorneys, past or present, who did not or who do not agree with the Texas Bar's having unlawfully not given them constitutionally adequate and meaningful notice of how their coercively extracted dues money would be spent or where their fees would go.

**Sub-class #3** includes those members, past or present who disagree with that Bar's having not given them adequate opportunities to oppose such expenditures, much less veto authority over such expenditures.

Membership in any one of the abovementioned 3 sub-classes makes a person a member of the overall class.

Meanwhile if the U.S. Supreme Court determines that entities such as the Texas Bar are labor unions for which membership dues may not permissibly be mandatory (per the 2018 case *Janus v. AFSCME*), the proposed class thereby *also* includes all Texas-licensed attorneys, past or present and on active or inactive status, who have had to involuntarily pay annual dues to the Texas Bar during recent years.

Applicable dates for all of the abovementioned proceed through and include the date of the class notice.

The 3 plaintiffs in the abovementioned *McDonald v. Longley* case are *not* included in the class of our own case, simply because they already have dazzlingly impressive legal counsel watching out for them.  We do not seek to disrupt that.  *See McDonald v. Longley*, 4 F.4th 229 (5th Cir. 2021).

23. This action is properly brought as a class action for the following reasons:

    a. The proposed class is so numerous and geographically dispersed throughout the United States and abroad that the joinder of all class members is impracticable.  Although the exact number and identity of all class members is not yet known, Plaintiffs believe that there are tens of thousands if not over a hundred thousand class members.

    b. The disposition of Plaintiffs' and proposed class members' claims in a class action will provide substantial benefits to parties and the court system.

    c. The proposed class is ascertainable and there is a well-defined community of interest in the questions of law or facts alleged herein since the Texas Bar violated or infringed First Amendment rights of each proposed class member in essentially the same overall manner.

    d. There are questions of law and fact common to the proposed class which predominate over any questions that may affect particular class members, namely the violation of each class member's First Amendment rights and whether the Plaintiffs and proposed class members are entitled to an award of punitive damages, attorney's fees and expenses against the Defendants.

e.  The Plaintiffs' claims are typical of the claims of the members of the proposed class.

f.  The Plaintiffs will fairly and adequately protect the interests of the proposed class in that they have no interests antagonistic to those of the other proposed class members, and the Plaintiffs have retained legal representation that is very informed about the Texas Bar as well as complex litigation.  Attorney Rich Robins' **TexasBarSunset.com** website attracts almost as much traffic as TexasBar.com, itself, does as Amazon's Alexa.com traffic meter helps demonstrate.   Meanwhile Attorney Robins is the *only* attorney who testified critically about the Texas Bar during all 3 available public hearing opportunities which were part of the Sunset Review process.  Those hearings took place at the state legislature in Austin, Texas during 2016 and 2017.  Despite his well-meaning criticism meant to bring the Texas Bar more in compliance with longstanding legal precedent and other laws, Attorney Robins nevertheless testified in *support* of the Sunset bill which would keep the Texas Bar in existence.   One can confirm this, for example, by viewing the  **Senate State Affairs Committee Sunset hearing that took place on March 23rd, 2017.**    Attorney Rich Robins' testimony begins during the third hour at approximately minute **3:37:30**

http://tlcsenate.granicus.com/MediaPlayer.php?view_id=42&clip_id=11969

Attorney Robins is not seeking to destroy self-rule here in Texas, but rather to help fix it by reducing the legal licensing authority's activities to merely those of attorney licensing and regulation.   Trade association functions are best reserved for a voluntary entity.

g.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy for at least the following reasons:

      (i)    Given the size of individual proposed class member's claims and the expense of litigating those claims, few, if any, proposed class members could afford to or would seek legal redress individually for the wrongs that the Defendant committed against them. Meanwhile absent proposed class members have no substantial interest in individually controlling the prosecution of individual actions. Furthermore:

      (ii)    This action will promote an orderly and expeditious administration and adjudication of the proposed class claims by establishing economies of scale, time, effort, and resources. This will also lead to uniformity of decisions.

      (iii)    Without a class action, proposed class members will continue to suffer damages, and the Defendants' violations of law will proceed without remedy while the Defendants continues to reap and retain the substantial proceeds of wrongful conduct.

      (iv) The Plaintiffs know of no difficulty that will be encountered in the management of this litigation which would preclude its maintenance as a class action.

24.    Plaintiffs seek damages, legal and equitable relief on behalf of the proposed class on grounds generally applicable to the entire proposed class.

### VI. FIRST CAUSE OF ACTION: First Amendment violations

25. The Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein. The Plaintiffs all endured violations of their First Amendment-related freedoms of association and speech. In at least some cases, the Texas Bar also violated members' freedom of religion. "The loss of First Amendment freedoms, for even minimal periods of time unquestionably constitutes

irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality). The only harm to the Bar resulting from returning dues money to the Plaintiffs and to the overall class of the Texas Bar's other victims is the inability to extract mandatory dues from them in violation of the First Amendment, which is really "no harm at all." *Christian Legal Soc'y v. Walker*, 453 U.S. 853, 867 (2006).

26. The Plaintiffs reserve the right to allege other violations of law, which constitute other unlawful acts and practices. Such conduct is ongoing and continues to this date (and surely beyond).

27. The Defendants' conduct caused and continues to cause substantial injury to the Plaintiffs and proposed class members. The gravity of the Defendants' alleged wrongful conduct outweighs any purported benefits attributable to such conduct. There were reasonably available alternatives available to the Defendants to further their interests, other than callously encroaching upon the Plaintiffs' and proposed class members' First Amendment rights.

28. The Plaintiffs and proposed class members have suffered injury in fact and have lost money and opportunities as a result of the Defendants' unfair and unlawful practices. They are therefore entitled to the relief available under the law. Moreover, the Defendants continue behaviors that are prohibited.

### VII. SECOND CAUSE OF ACTION: Money Had and Received

29. The Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

30. As more fully set forth above, the Defendants had in their possession money which in equity and good conscience belongs to the Plaintiffs and proposed Class members. That money should be refunded to the Plaintiffs and the proposed Class members.

### VIII.  THIRD CAUSE OF ACTION: Unjust Enrichment

31. The Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

32. The Defendants improperly received and continue to improperly receive from the Plaintiffs and Class members millions of dollars each year as a result of the misconduct alleged above, and already found by the 5th Circuit Court of Appeals to have happened and to continue happening.

33. As a result, the Plaintiffs and the proposed class have conferred benefits upon the Defendants to which the Defendants are not entitled. The Defendants have knowledge of these benefits, wrongfully obtained these benefits, and have voluntarily accepted and retained the benefits conferred to them. The Defendants will be unjustly enriched if they are allowed to retain such funds. **Therefore, a constructive trust should be imposed on all monies and assets obtained by the Defendants and that wealth should be disgorged from the Defendants, and promptly returned to the Plaintiffs and to the Class**.

### IX.  FOURTH CAUSE OF ACTION: *42 U.S.C. § 1983*

34. The Plaintiffs incorporate the preceding paragraphs by reference as if fully rewritten herein.

35. The Defendants at all times relevant to this action were acting under color of state law.

36. The Defendants subjected the Plaintiffs to conduct that occurred under color of state law, and this conduct deprived the plaintiff of rights, privileges and immunities guaranteed under federal law and the U.S. Constitution.

37. The Plaintiffs seek compensatory and punitive damages as a result.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiffs pray that this Court enter a judgment against the Defendants that:

A. This action be certified and maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure and certify the proposed class as defined or in a reasonably similar yet suitable manner.

B. Awards compensatory and/or punitive damages as to all Causes of Action where such relief is permitted.

C. Awards the Plaintiffs and proposed class members the costs of this action, including reasonable attorney's fees and expenses.

D. Orders the Defendants to immediately cease their wrongful conduct as set forth above; enjoins the Defendants from continuing with it, orders the Defendants to

engage in a corrective notice campaign, and requires the Defendants to refund to the Plaintiffs and all of the proposed class members the funds paid to the Defendants for their legally impermissible conduct.

E. Awards equitable monetary relief, including restitution and disgorgement of all ill-gotten gains, and the imposition of a constructive trust upon, or otherwise restricts the proceeds of the Defendants' ill-gotten gains, to ensure that the Plaintiffs and proposed class members have effective remedies.

F. Awards pre-judgment and post-judgment interest at the legal rate; and

G. Such further legal and equitable relief as this Court may deem just and proper.

DATED: August 30th, 2021     **Respectfully submitted**,

        **ROBINS LEGAL SERVICES, LLC**
        Rich Robins
        Federal registration #: 00789589
        Texas state bar #:   00789589
        2450 Louisiana St. #400-155
        Houston, TX 77006
        (832) 350-1030 Tel.
        (713) 574-6279 Fax.
        [E-mail is strongly preferred over faxing, please.]
        Rich@TexasBarSunset.com
        www.TexasBarSunset.com

By:  _/s/ Rich Robins_
      Rich Robins
      Attorney-In-Charge

## CERTIFICATE OF SERVICE

    I, Rich Robins, do hereby, certify that on August 31st, 2021 I sent a true and correct copy of the above and foregoing Complaint via certified US MAIL (or satisfactory alternative means) to the Defendant State Bar of Texas aka the "Texas Bar" at:

**State Bar of Texas** aka the "Texas Bar"
c/o Executive Director Ervin A. "Trey" Apffel and / **or**
c/o Legal Department staff directors Brad Johnson & John Sirman
Texas Law Center
1414 Colorado Street
Austin, Texas 78701


By: _____
Rich Robins
Attorney In Charge