United States District Court
Southern District of Texas
**ENTERED**
August 15, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROBERT S BENNETT, *et al.*, | § |
| | § |
| Plaintiffs, | § |
| | § |
| VS. | § CIVIL ACTION NO. 4:21-CV-02829 |
| | § |
| STATE BAR OF TEXAS, | § |
| | § |
| Defendant. | § |

## ORDER

Before the Court are Defendant's Motion to Dismiss (the "Motion") (Doc. #12), Plaintiffs' Response (Doc. #30), and Defendant's Reply (Doc. #32).[1] Having reviewed the parties' arguments and applicable law, the Court grants the Motion.

Plaintiffs Robert S. Bennett, Nachael Foster, and Andrew Bayley ("Plaintiffs"), three active members of the Defendant State Bar of Texas ("Defendant"), assert class action claims against Defendant for First Amendment violations pursuant to 42 U.S.C. § 1983, money had and received, and unjust enrichment.[2] Doc. #12. Defendant moves to dismiss all claims made against it under

---

[1] Plaintiffs also requested an extension of time to file their Response, which the Court hereby GRANTS. Doc. #30 ¶ 1.

[2] Though Plaintiffs' Complaint states that Plaintiffs bring this action "against the State Bar of Texas aka the 'Texas Bar' (and culpable officials within it) ('Defendants')," the only parties identified in the Complaint are Plaintiffs and "The Defendant State Bar of Texas." Doc. #2 at 1, ¶¶ 10–13. The Complaint states that because "no registered agent is publicly listed (to the best of Plaintiffs' Attorney Robins' knowledge, anyway)," "Executive Director Ervin A. 'Trey' Apffel and / or Legal Department staff directors Brad Johnson & John Sirman" are "three gentlemen [who] seem worth mentioning as possible recipients of a lawsuit." *Id.* ¶ 13. However, the Complaint does not identify these men or any other individuals as the "culpable officials" mentioned in the first paragraph and nothing on the record suggests that Plaintiffs served process on any individuals. *See id.* As such, the only defendant before the Court is Defendant State Bar of Texas.

Rule 12(b)(1) on the basis of sovereign immunity and under Rule 12(b)(6) for failure to state a claim. Doc. #12. Because the Court finds that it lacks subject matter jurisdiction, it need not address Defendant's Rule 12(b)(6) arguments.

A district court must dismiss a case when the plaintiff fails to establish subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "The burden of proof for a Federal Rule of Civil Procedure 12(b)(1) motion to dismiss is on the party asserting jurisdiction, and, at the pleading stage, the plaintiff's burden is to allege a plausible set of facts establishing jurisdiction." *Haverkamp v. Linthicum*, 6 F.4th 662, 668 (5th Cir. 2021) (cleaned up). "[A]ll well-pleaded facts are taken as true and all reasonable inferences must be made in the plaintiff's favor." *Id.* at 668–69.

The Eleventh Amendment precludes suit by citizens against a state government unless the state has waived sovereign immunity or Congress has abrogated its immunity. *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 73 (2000). "Eleventh Amendment immunity operates like a jurisdictional bar, depriving federal courts of the power to adjudicate suits against a state." *Union Pac. R. Co. v. Louisiana Pub. Serv. Comm'n*, 662 F.3d 336, 340 (5th Cir. 2011). This "jurisdictional bar" extends to state agencies and departments and applies "regardless of the nature of the relief sought." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "Generally, the Court will find a waiver either if (1) the state voluntarily invokes federal court jurisdiction, or (2) the state makes a clear declaration that it intends to submit itself to federal court jurisdiction." *Meyers ex rel. Benzing v. Texas*, 410 F.3d 236, 241 (5th Cir. 2005). "In Texas[,] the State and its agencies are immune from suit and liability unless the Legislature expressly waives sovereign immunity." *Cephus v. Texas Health & Hum. Servs. Comm'n*, 146 F. Supp. 3d 818, 827 (S.D. Tex. 2015). Additionally, "Congress has not abrogated state sovereign immunity" for claims arising under Section 1983. *Raj v. La. Univ.*, 714 F.3d 322, 328 (5th Cir. 2013).

Here, Plaintiffs concede that "Texas's State Bar Act expressly provides that the State Bar of Texas is 'an administrative agency of the judicial department of government.'" Doc. #30 ¶ 12 (quoting Tex. Gov't Code § 81.011(a)). Yet Plaintiffs offer no authority stating that Defendant's sovereign immunity as to claims for unjust enrichment, money had and received, or Section 1983 violations has been abrogated by Congress or waived by the Texas Legislature. *See id.*; *c.f. Raj*, 714 F.3d at 328; *Richardson Hosp. Auth. v. Duru*, 387 S.W.3d 109, 114 (Tex. App.—Dallas 2012) (denying equitable claim for the return of unlawfully retained money because "the Texas Legislature has not created a waiver of governmental immunity for equitable claims that seek money damages"). Plaintiffs argue that "sovereign immunity does not bar suits for specific, non-monetary relief against government officers sued in their official capacities" or "for prospective relief when it is alleged that the state officials acted in violation of federal law." Doc. #30 ¶¶ 7–8. While it is true that "the Eleventh Amendment does not bar a private party from suing a state officer in his official capacity for injunctive relief," Plaintiffs have not served process on any state officers. *See Union Pac. R. Co.*, 662 F.3d at 340 n.5 (5th Cir. 2011); *supra* note 2.

As such, the Court finds that Plaintiffs have failed to carry their burden of proving that the Court has subject matter jurisdiction over the only defendant before the Court, an undisputed agency of the State of Texas. *See Haverkamp*, 6 F.4th at 668.

Accordingly, Defendant's Motion is GRANTED and this case is hereby DISMISSED.[3]

It is so ORDERED.

AUG 1 5 2022
_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge

---

[3] As such, Defendant's Motion to Transfer Case (Doc. #13) and Plaintiffs' Motion to Certify Class (Doc. #23) are hereby DENIED as MOOT.